NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

12-203

STATE OF LOUISIANA

VERSUS

CHEVELLE TRAYLOR

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-2007-4208
HONORABLE PATRICIA A. COLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

SHANNON J. GREMILLION
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges

**APPEAL DISMISSED. THE DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.**

H. Todd Nesom
District Attorney – 33rd JDC
P.O. Box 839
Oberlin, LA 70655
(337) 639-2641
 COUNSEL FOR APPELLEE:
    State of Louisiana

David Deshotels
P.O. Box 399
Oberlin, LA 70655
(337) 639-4309
COUNSEL FOR APPELLANT:
    Chevelle Traylor

**Chevelle Traylor**
**Avoyelles Parish Sheriff's Office**
**675 Government St.**
**Marksville, LA  71351**
  **In proper person**




**Chevelle Traylor**
**Avoyelles Parish Sheriff's Office**
**675 Government St.**
**Marksville, LA  71351**
  **In proper person**

**Gremillion, Judge.**

On May 12, 2008, the Defendant, Chevelle Traylor, pled guilty to unauthorized entry of an inhabited dwelling. He was sentenced to six years at hard labor, three and one-half years suspended, and placed on three years of probation. Additionally, the trial court ordered conditions of probation. On November 29, 2011, the Defendant's probation was revoked and the original sentence imposed.

On January 25, 2012, the Defendant filed a pro se motion seeking an appeal of his probation revocation proceeding held on November 29, 2011.

On February 17, 2012, this court issued a rule to show cause why the appeal should not be dismissed as the judgment is non-appealable. The Defendant did not respond.

The judgment at issue is not appealable. *See* La.Code Crim.P. art. 912.1; *State v. Johnson*, 06-942 (La.App. 3 Cir. 9/13/06), 938 So.2d 804. Accordingly, we hereby dismiss the Defendant's appeal. The Defendant may seek supervisory writs within thirty (30) days of the date of this decision. The Defendant is not required to file a notice of intent to seek writs, nor must he obtain an order from the trial court setting a return date, as is generally required by Uniform Rules—Courts of Appeal, Rule 4-3. We construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. THE DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.**